**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30237 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00031-DLC-1 |
| v. | |
| VINCENT LEE GARNER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted November 18, 2014[**]
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

Vincent Lee Garner appeals from his conviction and sentence for failure to

register under the Sex Offender Registration and Notification Act ("SORNA"), 18

U.S.C. § 2250(a). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The gravamen of Garner's challenge is that he was afforded insufficient procedure to enable him to conform the fact that the State of Oregon had not designated him a sexual predator with the fact that, under the federal tiering scheme, he was designated a "tier III sex offender."[1] Garner's federal tiering designation is a matter of federal law. *See* 42 U.S.C. § 16911. Section 16911, which sets forth the federal tiering system, looks to the elements of the state offense and the length of imprisonment by which that offense is punishable.[2] Federal law does not look to the specific features of Oregon's classification system in making its tiering designation. Consequently, the characteristics of Oregon's classification system are not relevant here. Persons "who assert a right to a hearing

---

[1] The parties appear to dispute whether the plain error standard of review applies. We need not decide this question, however, because Garner's challenge is unpersuasive even if we assume that the issue was properly preserved.

[2] Specifically, a "tier III sex offender" is defined in relevant part as "a sex offender whose offense is punishable by imprisonment for more than 1 year and . . . is comparable to or more severe than . . . (i) aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18); or (ii) abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years." 42 U.S.C. § 16911(4). *See generally United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1129–34 (9th Cir. 2014) (reaffirming that "Congress had the power under its broad commerce clause authority to enact . . . SORNA" and concluding that the categorical approach as outlined in *Descamps v. United States*, 133 S. Ct. 2276 (2013), governs whether, under federal law, a prior state conviction may properly serve as a predicate for classification as a Tier III sex offender).

under the Due Process Clause must show that the facts they seek to establish in that hearing are relevant under the statutory scheme." *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 8 (2003). Garner is unable to do this, and thus his due process claim cannot succeed.

**AFFIRMED**.